## HODES v. UNITED STATES.
### No. 47794.

Court of Claims.
May 3, 1948.

William Weisman, of New York City, for plaintiff.

Edward L. Metzler, of Washington, D. C., and Herbert A. Bergson, Acting Asst. Atty. Gen., for defendant.

Before JONES, Chief Justice, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

MADDEN, Judge.

The Government has made a motion to dismiss the plaintiff's petition. The petition alleges that The Cofax Corporation was requested by agents of the Government to acquire facilities for the manufacture, for the Ordnance Department of the United States Army, of cloth back tape, the agents promising that extensive orders would be given The Cofax Corporation for the tape. The war ended, the orders were not given, and The Cofax Corporation made a claim under Section 17 of the Contract Settlement Act of 1944, for

1022

reimbursement of its preparatory expenditures. The claim was denied by the New York Ordnance Department on or about August 8, 1946, and by the Appeal Board of the Office of Contract Settlement on May 1, 1947. On September 5, 1946, The Cofax Corporation assigned the claim, which the plaintiff values at $116,406.25, to the plaintiff as security for a cash loan of $25,000.

The Government's motion to dismiss is based on Section 3477 of the Revised Statutes, 10 Stat. 170, 31 U.S.C.A. § 203, which says that assignments of claims upon the United States shall be absolutely null and void unless they are made with certain formalities, and after the claims have been allowed, the amounts due ascertained, and warrants have been issued for their payment.

The statute forbidding assignment has been applied in, inter alia, United States v. Gillis, 95 U.S. 407, 24 L.Ed. 503, and Spofford v. Kirk, 97 U.S. 484, 24 L.Ed. 1032. The plaintiff offers no reason why the statute is not applicable to his case. We think that attempted assignment by The Cofax Corporation to the plaintiff was ineffective, and that the Government's motion to dismiss should be granted, and the petition dismissed.

It is so ordered.